UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: |
| | : | |
| ONE (1) 2016 HONDA ACCORD EX BEARING VIN 1HGCR2E78GA008826, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: WILLIAM J. VALERIO-PALERMO] [CLAIMANT: AQUINO AUTOMALL, LLC] | : : | January 9, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America the following property, One (1) 2016 Honda Accord EX bearing VIN 1HGCR2E78GA008826 (hereafter, "Defendant Vehicle") for violation of 21 U.S.C. § 881(a)(4).

THE DEFENDANT IN REM

2.  The Defendant Vehicle is: One (1) 2016 Honda Accord EX bearing VIN 1HGCR2E78GA008826, registered to Aquino Automall, LLC of Lehighton, Pennsylvania, which was seized after a traffic stop initiated by law enforcement in the area of 1975 Park Street, Hartford, Connecticut.

1

3. The Defendant Vehicle is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Vehicle. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Vehicle under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Vehicle pursuant to 18 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

7. William Valerio-Palermo (hereafter, "Claimant Palermo") has filed an administrative claim of ownership of the Defendant Vehicle.

8. Claimant Aquino Automall, LLC is known to be the registered owner of the Defendant Vehicle.

## BASIS FOR FORFEITURE

9. The Defendant Vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it constitutes a conveyance which was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

BACKGROUND OF INVESTIGATION

10. During the month of April, 2018, a confidential source alerted law enforcement to the existence of a large scale narcotics trafficking and distribution operation originating in and around the Hartford, Connecticut area. This source confirmed that the organization was controlled by an individual known as "Willy," later identified as William Valerio-Palermo.

11. On May 15, 2018, United States Magistrate Judge Donna F. Martinez authorized the monitoring of a telephone believed to have been utilized by Claimant Palermo in furtherance of his narcotics trafficking activities. Monitoring of a second phone number utilized by Palermo was authorized by United States Magistrate Judge Robert A. Richardson on June 29, 2018.

12. On or about May 24, 2018, the confidential source made law enforcement aware of a grey Honda Accord ("Defendant Vehicle") that was frequently utilized by Claimant Palermo for purposes of the transport and sale of narcotics, including but not limited to fentanyl. Claimant Palermo was known to disguise the Defendant Vehicle by utilizing Pennsylvania and Florida dealer license plates. The confidential source further informed law enforcement that the Defendant Vehicle was outfitted with a hidden compartment, or "trap," for purposes of safely transporting narcotics and drug proceeds.

13. On June 1, 2018, during the course of surveillance initiated against Claimant Palermo, law enforcement responded to the area of 144 Oakwood Avenue, West Hartford, Connecticut. Claimant Palermo and the Defendant Vehicle were subsequently observed at this location. At this time the Defendant Vehicle displayed a Florida dealer license plate.

14. The Defendant Vehicle was again observed by law enforcement on June 15, 2018 in the area of 144 Oakwood Avenue. In this instance, Claimant Palermo was in the company of Andres R. Acevedo-Baldera ("Claimant Baldera"). Claimant Palermo was observed entering the

residence at 144 Oakwood Avenue and then exiting a short time thereafter carrying a small white grocery bag in his left hand. Claimant Palermo entered the driver's seat of the Defendant Vehicle. Claimant Baldera exited the residence shortly after the Claimant and entered the passenger side seat of the Defendant Vehicle.

15.  The Defendant Vehicle left the parking area of 144 Oakwood Avenue and was followed by surveillance units, who observed the vehicle improperly passing several vehicles. The decision was made to have the Hartford Police Department initiate a motor vehicle stop in the area of Park Street and Park Terrace. A search of the Defendant Vehicle was performed. No contraband was discovered and as a result the Claimant and Claimant Baldera were released from the scene. At this time, surveillance of the Defendant Vehicle was suspended.

16.  During the course of a telephone debriefing on June 20, 2018, a confidential source in the criminal investigation informed law enforcement of a conversation he/she had with Claimant Palermo. In this conversation, Claimant Palermo made reference to the Hartford Police Department's traffic stop of the Defendant Vehicle on June 15, 2018. Claimant Palermo informed the confidential source that a large amount of narcotics and currency were concealed by the trap inside the Defendant Vehicle at the time of the traffic stop, and that the trap was accessible via an app installed on his cellular phone.

17.  Based upon the foregoing information, as well as facts gathered via associated investigation of Claimant Palermo's drug trafficking and distribution operation, law enforcement organized a controlled purchase of narcotics, specifically fentanyl, in late June 2018. The confidential source was outfitted with audio and video recording equipment and provided with a quantity of DEA official authorized funds to complete the transaction. The confidential source was observed by law enforcement meeting with Claimant Palermo, who arrived at the location in

the Defendant Vehicle, now displaying a Pennsylvania dealer license plate. Claimant Palermo had a brief discussion with the confidential source in which a new telephone number was exchanged. Claimant Palermo also showed the confidential source the location of the trap inside the Defendant Vehicle as well as showing the source how the trap could be accessed. The confidential source then handed the DEA funds to Claimant Palermo, who left the location in order to pick up and transport the agreed-upon amount of fentanyl back to the confidential source.

18. Claimant Palermo was surveilled throughout his travels in the Defendant Vehicle for the duration of this transaction. After driving to a prior location in Hartford's south end to pick up Claimant Baldera, Claimant Palermo drove the Defendant Vehicle back to 144 Oakwood Avenue, West Hartford, entered the residence briefly and returned to the Defendant Vehicle where he was observed manipulating something in the vehicle's center console area. Claimant Palermo then utilized the Defendant Vehicle to travel back to the original location of the controlled purchase and deliver 100 grams of suspected fentanyl to the confidential source.

19. On July 12, 2018, law enforcement established surveillance at several locations associated with Claimant Palermo in order to serve federal search and seizure warrants on three locations as well as the Defendant Vehicle, which was observed parked in the rear of 144 Oakwood Avenue, West Hartford. Claimant Baldera was observed exiting the 144 Oakwood Avenue residence, entering the Defendant Vehicle and departing the location. A traffic stop of the Defendant Vehicle was initiated shortly thereafter in the vicinity of 1975 Park Street. Upon execution of the warrant, a set of keys was found in the center console cup holder. Claimant Baldera confirmed that he resided in 144 Oakwood Avenue, and that one of the keys located in the center console cup holder would open the exterior common entrance of the property. In

addition to the set of keys, the following was located inside the Defendant Vehicle upon execution of the search warrant: Miscellaneous paperwork, bills, bus tickets all in Claimant Palermo's name, Florida vehicle registration PH___A; one silver iPhone with cracked screen; and Sprint SIM card.  A trap inside the center console was opened but found to be empty.

20. When investigators arrived at 144 Oakwood Avenue, it was discovered that one key on the keyring opened an unknown apartment in the building.  After securing this apartment, a search and seizure warrant was applied for and obtained.  Law enforcement executed this warrant in the afternoon of July 12, 2018.  Large quantities of narcotics, narcotics processing materials and currency were recovered from the location.

21. Claimants Palermo and Baldera are presently named co-defendants in the federal criminal case arising out of this investigation, captioned United States v. Valerio-Palermo, et al., 3:18-CR-155(AWT).  Jury selection is currently scheduled to commence March 14, 2019.

## CLAIMS FOR RELIEF

22. Based upon the above information, it is believed that the Defendant Vehicle was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Controlled Substances Act 21 U.S.C. §§ 801 et seq., and are, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for One (1) 2016 Honda Accord EX bearing VIN 1HGCR2E78GA008826; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Vehicle to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of

America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

                                            Respectfully submitted,

                                            JOHN H. DURHAM
                                            UNITED STATES ATTORNEY

                                            _____/s/ John B. Hughes_____
                                            JOHN B. HUGHES
                                            ASSISTANT UNITED STATES ATTORNEY
                                            FEDERAL BAR NO.: ct05289
                                            157 CHURCH STREET, 25TH FLOOR
                                            NEW HAVEN, CT 06510
                                            PHONE NO.: (203) 821-3700
                                            FAX: (203)773-5392
                                            EMAIL: john.hughes@usdoj.gov

## DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of January, 2019.

                              /s/ Jeffrey D. Poulin
                             JEFFREY D. POULIN
                             TASK FORCE OFFICER
                             DRUG ENFORCEMENT ADMINISTRATION